Brian J. Soo-Hoo, Esq. (SBN 228298)
soohoolaw@gmail.com
**LAW OFFICES OF BRIAN J. SOO-HOO**
601 Parkcenter Drive, Suite 105
Santa Ana, California 92705
Tel: (714) 589-2252/Fax: (714) 589-2254

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY GILBERT SANTOS, individually and on behalf of a class of similarly situated individuals,<br><br>    Plaintiff,<br><br>    v.<br><br>CARMAX, INC., a Virginia corporation; CARMAX AUTO SUPERSTORES CALIFORNIA, LLC, a Virginia limited liability company; CARMAX BUSINESS SERVICES, LLC, a Virginia limited liability company; CARMAX AUTO SUPERSTORES WEST COAST, INC., a Virginia corporation; and DOES 1 to 50, inclusive,<br><br>    Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br><br>**DEMAND FOR JURY TRIAL** |

1

Plaintiff Anthony Gilbert Santos ("Santos") brings this class action complaint against Defendants CarMax, Inc., CarMax Auto Superstores California, LLC, CarMax Business Services, LLC, CarMax Auto Superstores West Coast, Inc., and Does 1 to 50, inclusive (collectively referred to as "CarMax" or "Defendants"), to recover damages for himself and those similarly situated caused by Defendants' failure to disclose the status of any and all active safety recalls for vehicles Defendants sell to consumers despite advertising CarMax's 125 point "CarMax Certified Quality Inspection." Santos brings this action to compel CarMax to stop its unlawful practices and to obtain redress for all persons injured by CarMax's conduct.   On information and belief, including investigation conducted by his attorneys, Santos alleges as follows:

## JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT

1.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as the action arises from a federal statute, the Magnuson-Moss Warranty Act (15 U.S.C. § 2301 *et seq.*).   Moreover, this Court has jurisdiction under 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005.

2.      This Court has personal jurisdiction over Defendants because Defendants, and each of them, do business in this District, is registered to do business in California (and nationwide), and a substantial number of the events giving rise to the claims alleged herein took place in California.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant does business in this District and a substantial number of the events giving rise to the claims alleged herein took place in this District.

4.      This case is properly brought in the Oakland Division of the Northern District of California.   Pursuant to Local Rule 3-2(c), cases are to be filed in the Division "in which a substantial part of the events or omissions which give rise to the claim occurred."   A substantial portion of the events giving rise to this action occurred

within Alameda County, which, pursuant to Local Rule 3-2(d), makes either the San Francisco or Oakland Divisions the proper division for this action.

## PARTIES

5.    Plaintiff Anthony Gilbert Santos is a citizen and resident of California who resides in Alameda County.

6.    Plaintiff is informed and believes and thereon alleges that Defendant CarMax, Inc. is now, and at all times mentioned in this Complaint was a corporation organized pursuant to the laws of the State of Virginia with its principal place of business in Richmond, Virginia.   Plaintiff is further informed and believes that Defendant CarMax, Inc. conducts business within the State of California, including within this District.

7.    Plaintiff is informed and believes and thereon alleges that Defendant CarMax Auto Superstores California, LLC is now, and at all times mentioned in this Complaint was a limited liability company organized pursuant to the laws of the State of Virginia with its principal place of business in Richmond, Virginia.   Plaintiff is further informed and believes that Defendant CarMax Auto Superstore California, LLC conducts business within the State of California, including within this District.

8.    Plaintiff is informed and believes and thereon alleges that Defendant CarMax Business Services, LLC is now, and at all times mentioned in this Complaint was a limited liability company organized pursuant to the laws of the State of Virginia with its principal place of business in Richmond, Virginia.   Plaintiff is further informed and believes that Defendant CarMax Business Services, LLC conducts business within the State of California, including within this District.

9.    Plaintiff is informed and believes and thereon alleges that Defendant CarMax Auto Superstores West Coast, Inc. is now, and at all times mentioned in this Complaint is a corporation organized pursuant to the laws of the State of Virginia with its principal place of business in Richmond, Virginia.   Plaintiff is further informed and

**CLASS ACTION COMPLAINT**

believes that Defendant CarMax Auto Superstores West Coast, Inc. conducts business within the State of California, including within this District.

10.     The Defendants listed in paragraphs 6-9, and any applicable Doe defendants, are referred to herein as "CarMax" or "Defendants."

11.     The names and capacities of Defendants Does 1-50 are unknown to Plaintiff at the time of the filing of this complaint.  Plaintiff will move to amend this complaint to show the true names and capacities of Defendants sued as "Doe" once the same are ascertained.  Plaintiff is informed and believes and thereon alleges that each of the Defendants including the defendants sued herein as "Doe" was, at all times relevant, the agent, servant, partner or joint venture of each of the other defendants and was acting within the course and scope of such agency and employment or in furtherance of the business of such joint venture or partnership and with the permission and consent, express or implied of each other Defendants.

12.     At all times mentioned in this complaint, Defendants and Does 1-50 were engaged in the business of marketing, distributing and selling motor vehicles and related component parts either directly or through the avenues of commerce to members of the general public.

## COMMON ALLEGATIONS OF FACT

13.     CarMax is a nationwide automotive retailer that sells used cars directly to consumers.  As part of its business, CarMax informs consumers that it performs a detailed vehicle inspection prior to completion of the sale.  CarMax refers to this process as its "125 Point Inspection."  Accordingly, CarMax represents that the used cars it sells to consumers have passed a rigorous inspection, thereby explicitly and implicitly warranting that they are free from defects.

14.     For several years, the National Highway Traffic Safety Administration ("NHTSA") has initiated and administered safety recalls for vehicles and their

**CLASS ACTION COMPLAINT**

components.  Those safety recalls often involve notifying vehicle owners of a problem and the steps to remediate it.

15.   Despite CarMax's supposedly rigorous inspection, CarMax failed to inform consumers about active safety recalls pending for the vehicles CarMax sold. That was true even where the recall involved a serious safety problem, such as spontaneous combustion.

16.   Plaintiff Santos was directly injured by this practice.  In 2006, Plaintiff purchased and/or leased a 2002 Ford F-150 pickup from a CarMax location in California bearing VIN number 1FTRW07682KE25148 (referred to hereafter as "Plaintiff's vehicle").

17.   Unbeknownst to Plaintiff, and undisclosed by CarMax, was the fact that, at the time of Plaintiff's purchase, Plaintiff's vehicle was subject to an active safety recall for its speed control deactivation switch ("SCDS").  On January 27, 2005—over a year before Plaintiff purchased the vehicle from CarMax—a recall for the SCDS was initiated under NHTSA recall number 05V017000.

18.   The recall indicated that the SCDS could "overheat, smoke, or burn," and therefore presented the "safety risk" of a fire, even a fire starting "while the vehicles were parked with the ignition 'off.'"  The safety recall notice therefore advised that vehicle owners should visit the dealerships to have the switch deactivated, and, once replacement parts were available, to have a new SCDS installed free of charge.

19.   CarMax did not take any of those steps prior to selling the vehicle to Plaintiff.  On information and belief, CarMax did not take any steps to determine whether the SCDS had been deactivated or replaced on Plaintiff's vehicle.  Further, CarMax did not advise Plaintiff of the open safety recall or of any steps he should take to mitigate the danger posed by the SCDS.

20.   On April 29, 2014, Plaintiff's vehicle caught fire while the engine was off and parked in Plaintiff's driveway as a result of the defective SCDS.  Plaintiff's vehicle was completely destroyed as a result of the fire.

**CLASS ACTION COMPLAINT**

21.    Plaintiff would not have purchased the vehicle in the condition in which CarMax sold it had he been informed of the need to repair the vehicle as advised by the active safety recall.  Prior to the fire, Plaintiff was wholly unaware that his vehicle was subject to a active safety recall, that CarMax had failed to disclose this fact to him at the time of his purchase, and that CarMax failed to take any steps to repair the vehicle as indicated by the safety recall despite CarMax's representations about its vehicle inspection program.

## CLASS ACTION ALLEGATIONS

22.    As noted above, and pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3), Plaintiff brings this action on behalf of himself and the following proposed classes, defined as follows:

**Nationwide Class**

All persons in the United States and its territories who purchased a vehicle from CarMax that was the subject of a safety recall but had not been repaired prior to the sale.

**California Class**

All persons who, in the State of California, purchased a vehicle from CarMax that was the subject of a safety recall but had not been repaired prior to the sale.

23.    Upon information and belief, there are hundreds, if not thousands, of members of each class.  Joinder of all members is therefore impracticable.

24.    Common questions of law and fact exist as to all class members such that those questions predominate over questions affecting Plaintiff or individual class members.  These common questions include, but are not limited to, the following:

a. Did CarMax sell or lease vehicles to consumers that were subject to a recall?

**CLASS ACTION COMPLAINT**

b. Did CarMax know that it had sold or leased and was selling or leasing vehicles to consumers that were subject to a recall?

c. Did CarMax take any steps to ameliorate the problem that was the subject of any recall prior to selling or leasing any vehicle to consumers?

d. Did CarMax fail to inform consumers of pending recalls for vehicles sold by CarMax?

e. Did CarMax fail to inform consumers of additional steps needed to correct any issue for any vehicle was subject to a recall?

f. Did CarMax's representations about its vehicle inspection process expressly or impliedly warrant that the vehicles were free from defects like those identified in automotive recalls?

g. Did CarMax's conduct violate consumer protection statutes, false advertising laws, sales contracts, warranty laws, or any other law asserted herein?

h. Did consumers overpay CarMax for their vehicles that were subject to a recall at the time they were purchased?

i. Are Plaintiff and class members entitled to equitable relief, including, but not limited to, injunctive relief and restitution?

j. Are Plaintiff and class members entitled to damages or any other monetary relief, and, if so, in what amount?

25. As allegedly herein, Defendants acted and failed to act on grounds generally applicable to Plaintiff and other class members. Such conduct requires the Court's imposition of uniform relief to ensure compatible standards of conduct toward class members and to make injunctive or corresponding declaratory relief appropriate for all class members.

**CLASS ACTION COMPLAINT**

26.    The factual and legal bases of Defendants' liability to Plaintiff and each class member are the same, resulting in injury to Plaintiff and each class member as a result of Defendants' conduct described herein.

27.    Defendants have acted or failed to act on grounds generally applicable to Plaintiff and members of the proposed classes, thereby making final injunctive and declaratory relief, as described below, appropriate.

28.    Plaintiff will fairly and adequately represent and protect the interests of other class members.  Plaintiff has retained counsel with substantial experience in litigating complex cases, including class actions.  Both Plaintiff and his counsel will vigorously prosecute this action on behalf of the class and have the financial ability to do so.  Neither Plaintiff nor counsel has any interest adverse to other class members.

29.    Most class members would find the costs of litigating their claims prohibitive and therefore would have no effective remedy without a class action. Further, class treatment of common questions of law and fact is superior to multiple, individual litigation or piecemeal adjudication because it preserves the resources of the courts and litigants as well as promotes consistent and efficiency of adjudication.

## **FIRST CAUSE OF ACTION**

### **Violation of the Magnuson-Moss Warranty Act (15 U.S.C. § 2301 *et seq.*)**

30.    Plaintiff hereby incorporates by reference the foregoing allegations as if fully set forth herein.

31.    This cause of action is asserted on behalf of the Nationwide Class.

32.    Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 2301(3).

33.    Defendants are "suppliers" and "warrantors" within the meaning of 15 U.S.C. § 2301(4) and (5).

34.    Plaintiff's vehicle is a "consumer product" within the meaning of 15 U.S.C. § 2013(1).

**CLASS ACTION COMPLAINT**

35.   15 U.S.C. § 2301(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written or implied warranty.

36.   Defendants' express warranties are written warranties within the meaning of the 15 U.S.C. § 2301(6), and Defendants' implied warranties are covered by 15 U.S.C. § 2301(7).

37.   At the time of sale or lease of each vehicle, Defendants knew, or should have known, or was reckless in not knowing, about the misrepresentations and omissions alleged herein.  Under the circumstances, remedies available under any informal settlement procedure would be inadequate and any requirement that Plaintiff resort to informal dispute resolution and/or offer Defendants an opportunity to cure their breaches of warranties is excused and thereby deemed satisfied.

38.   Plaintiff and class members would suffer economic hardship if they returned the affected vehicles but did not receive return of any payment(s) made. Plaintiff and class members have not re-accepted their vehicles by retaining them.

39.   The amount in controversy for Plaintiff's individual claims meets or exceeds the sum of $25.  The amount in controversy or this action exceeds the sum of $50,000, exclusive of interest and costs, computed on the basis of all claims to be determined in this lawsuit.

40.   Plaintiff, individually and on behalf of the class, seeks all damages permitted by law, including loss of use and diminution of value, in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

### Violation of California's Unfair Competition Law (Bus. & Prof. § 17200)

41.   Plaintiff hereby incorporates by reference the foregoing allegations as if fully set forth herein.

42.   Plaintiff brings this count on behalf of the California class.

9

**CLASS ACTION COMPLAINT**

43.     California's Unfair Competition Law, codified at Business and Professions Code section 17200 *et seq.*, prohibits acts of unfair competition, including "any unlawful, unfair or fraudulent business practice and unfair, deceptive, untrue or misleading advertising."

44.     Defendants' conduct violates the UCL in at least the following ways:

      a.  By concealing the existence of ongoing recalls from consumers, including Plaintiff and class members;

      b.  By promoting CarMax's rigorous inspection notwithstanding the company's failure to disclose whether vehicles are subject to an ongoing recall;

      c.  By failing to disclose material information in violation of Section 5(a) of the Federal Trade Commission Act, 15 U.S.C. section 45(a);

      d.  By violating California's false advertising and other consumer protection statutes.

45.     Defendants' misrepresentations and omissions caused Plaintiff and class members to purchase or lease affected vehicles.  Absent those misrepresentations and omissions, Plaintiff and class members would not have purchased or leased the affected vehicles, would not have purchased or leased the affected vehicles at the prices they paid, and/or would have purchased or leased less expensive, alternative vehicles that were not subject to safety recalls.

46.     Accordingly, Plaintiff and class members suffered injury in fact, including lost money or property, as a result of Defendants' misrepresentations and omissions.

47.     Plaintiff seeks to enjoin further unlawful and unfair acts by Defendants.

48.     Plaintiff requests that this Court enjoin Defendants from continuing its unlawful and unfair business practices and to restore to Plaintiff and class members any money it acquired by unfair competition, including any restitution and/or disgorgement, as provided by the UCL.

**THIRD CAUSE OF ACTION**

**Violation of California's False Advertising Law (Bus. & Prof. § 17500)**

49.    Plaintiff hereby incorporates by reference the foregoing allegations as if fully set forth herein.

50.    Plaintiff brings this action on behalf of the California Class.

51.    California's False Advertising Law, codified at Business and Professions Code § 17500 *et seq.*, prohibits advertising products using untrue or misleading statements that the speaker knows or should know are untrue or misleading.

52.    Defendants caused to be made or disseminated through California and the United States, through advertising, marketing, and other publications, untrue or misleading statements that Defendants knew, or, by the exercise of reasonable care, should have known, were untrue or misleading to consumers, including Plaintiff and class members.

53.    Defendants' representations concerning its rigorous inspection and failure to divulge information about active safety recalls for vehicles Defendants sold or leased without correcting the subject of the safety recall were material and likely to deceive a reasonable consumer.

54.    Plaintiff and class members suffered injury in fact, including the loss of money or property, as a result of Defendants' unlawful, unfair, or deceptive practices. Absent Defendants' misrepresentations and omissions, Plaintiff and class members would not have purchased or leased the affected vehicles, would not have purchased or leased the affected vehicles at the prices they paid, and/or would have purchased or leased less expensive, alternative vehicles that were not subject to safety recalls.

55.    Defendants have not remediated their wrongful conduct, which is part of a pattern or generalized course of conduct repeated and perpetuated in California and nationwide.

56.    Plaintiff requests that this Court enjoin Defendants from continuing its unlawful and unfair business practices and to restore to Plaintiff and class members

**CLASS ACTION COMPLAINT**

1   any money it acquired by unfair competition, including any restitution and/or
2   disgorgement.

3

4                           **FOURTH CAUSE OF ACTION**

5       **Violation of Consumer Legal Remedies Act (Cal. Civ. Code § 1750)**

6       57.     Plaintiff hereby incorporates by reference the foregoing allegations as if
7   fully set forth herein.

8       58.     Plaintiff brings this count on behalf of the California Class.

9       59.     California's Consumer Legal Remedies Act, codified at Civil Code §
10  1750 *et seq.*, prohibits unfair methods of competition and unfair or deceptive acts or
11  practices undertaken by any person in a transaction intended to result or which results
12  in the sale or lease of goods or services to any consumer.

13      60.     The vehicles at issue are "goods" within the meaning of Civil Code §
14  1761(a).

15      61.     Plaintiff and other class members are "consumers" within the meaning of
16  Civil Code § 1761(d).

17      62.     Plaintiff, class members, and Defendants are each "persons" within the
18  meaning of Civil Code § 1761(c).

19      63.     As alleged herein, Defendants made misrepresentations and omissions
20  concerning their rigorous inspection of the vehicles they sold and the fact that vehicles
21  they sold or leased to consumers were subject to an active safety recall at the time of
22  the sale or lease.

23      64.     Defendants' conduct, as described herein, was and is in violation of at
24  least the following enumerated prohibitions in Civil Code § 1770:

25              a.      Civil Code §1770(a)(2): Misrepresenting the approval or
26                      certification of goods;

27

28

---

12

**CLASS ACTION COMPLAINT**

b.    Civil Code § 1770(a)(5): Representing that goods have sponsorship, approval, characteristics, uses, benefits, or quantities that they do not have;

c.    Civil Code § 1770(a)(7): Representing that goods are of a particular standard, quality, or grade, if they are another;

d.    Civil Code § 1770(a)(9): Advertising goods with the intent not to sell them as advertised;

e.    Civil Code § 1770(a)(16): Representing that goods have been supplied in accordance with a previous representation when they have not.

65.    Plaintiff and class members suffered injury in fact and actual damages resulting from Defendants' material misrepresentations and omissions because they paid an inflated purchase or lease price for the vehicles and/or would not have purchased or leased the vehicles had they known of Defendants' misrepresentations and omissions.

66.    Defendants knew, or should have known, or were reckless in not knowing, that the vehicles they sold or leased were subject to active recalls at the time they were sold or leased.

67.    Defendants' misrepresentations and omissions caused Plaintiff and class members to purchase or lease affected vehicles.  Absent those misrepresentations and omissions, Plaintiff and class members would not have purchased or leased the affected vehicles, would not have purchased or leased the affected vehicles at the prices they paid, and/or would have purchased or leased less expensive, alternative vehicles that were not subject to safety recalls.

68.    Pursuant to Civil Code § 1780(a), Plaintiff seeks injunctive relief.

69.    Although Plaintiff does not seek to recover damages at this time, Plaintiff will seek leave to amend this complaint.

**FIFTH CAUSE OF ACTION**

**Breach of Implied Warranty of Merchantability (Cal. Com. Code § 2314)**

70.     Plaintiff hereby incorporates by reference the foregoing allegations as if fully set forth herein.

71.     Plaintiff brings this count on behalf of the California Class.

72.     Defendants were and are at all relevant times merchants with respect to motor vehicles pursuant to California Commercial Code § 2014.

73.     California Commercial Code § 2314 provides that there is an implied warranty that the vehicles Defendants sold and leased to Plaintiff and class members were in a merchantable condition.   However, the affected vehicles were not in a merchantable condition when sold and leased, and at all times thereafter, and were not fit for the ordinary purpose for which vehicles are used.   Specifically, the vehicles were the subject of safety recalls, but the existence of those recalls was not disclosed to consumers nor were steps taken to correct the dangerous condition that was the subject of the safety recall prior to the sale or lease.

74.     Defendants knew or should have known that the vehicles they sold were subject to active safety recalls.

75.     As a direct and proximate cause of Defendants' breach of warranty of merchantability, Plaintiff and class members were damaged in an amount to be proven at trial.

76.     Attached hereto is a declaration required by California Civil Code section 1780(d).

**SIXTH CAUSE OF ACTION**

**Violation of the Song-Beverly Consumer Warranty Act for Breach of Implied Warranty of Merchantability (Cal. Civ. Code §§ 1791.1 & 1792)**

77.     Plaintiff hereby incorporates by reference the foregoing allegations as if fully set forth herein.

**CLASS ACTION COMPLAINT**

1    78.    Plaintiff brings this count on behalf of the California Class.

2    79.    Plaintiff and class members who purchased or leased vehicles from
3    Defendants are "buyers" within the meaning of California Civil Code § 1791(b).

4    80.    The affected vehicles are "consumer goods" within the meaning of
5    California Civil Code § 1791(a).

6    81.    Defendants are "retailers" within the meaning of California Civil Code §
7    1791(*l*).

8    82.    Defendants impliedly warranted to Plaintiff and class members that the
9    affected vehicles were "merchantable" within the meaning of California Civil Code §§
10    1791.1(a) and 1792.  Contrary to Defendants' implied warranty, the affected vehicles
11    do not have the quality a buyer would reasonably expect.  Additionally, the affected
12    vehicles would not pass without objection in the trade under the contract description,
13    be fit for the ordinary purpose for which vehicles are used, nor conform to promises or
14    affirmations of fact made about them by Defendants.

15    83.    Defendants breached the implied warranty of merchantability by selling
16    and leasing vehicles subject to recalls.  Defendants' breaches caused Plaintiff and class
17    members to not receive the benefit of their bargain.

18    84.    As a direct and proximate result of Defendants' breach of the implied
19    warranty of merchantability, Plaintiff and class members bought or leased goods in a
20    defective condition such that their value was significantly impaired.  Plaintiff and class
21    members have been damaged as a result of the diminished value of their vehicles, the
22    vehicle's malfunction, and the loss of use of their vehicles.

23    85.    Pursuant to California Civil Code §§ 1791.1(d) and 1794, Plaintiff and
24    class members are entitled to damages and other legal and equitable relief, including,
25    at their election, the purchase price of their vehicles, or the overpayment or diminution
26    in value of their vehicles.

27    86.    Pursuant to California Civil Code § 1794, Plaintiff and class members are
28    entitled to costs and attorneys' fees.

**CLASS ACTION COMPLAINT**

## SEVENTH CAUSE OF ACTION

### Breach of Contract

87.     Plaintiff hereby incorporates by reference the foregoing allegations as if fully set forth herein.

88.     Plaintiff brings this count on behalf of the California Class.

89.     Defendants' misrepresentations and omissions caused Plaintiff and class members to purchase or lease the affected vehicles.  Had Defendants not made those representations and omissions, Plaintiff and class members would not have purchased or leased the affected vehicles, would not have purchased or leased the affected vehicles at the prices they paid, and/or would have purchased or leased less expensive, alternative vehicles that were not subject to safety recalls.  Accordingly, Plaintiff and class members overpaid for their vehicles and did not receive the benefit of their bargain.

90.     Every sale or lease of an affected vehicle constituted a contract between Defendants and the purchaser or lessee.  Defendants breached those contracts by selling or leasing Plaintiff and class members defective vehicles and by misrepresenting or omitting that the vehicles were subject to recalls at the time of the purchase or lease, thereby rendering the vehicles less valuable and less safe than those not subject to safety recalls or which had been repaired in response to a recall.

91.     As a direct and proximate cause of Defendants' breach of contract, Plaintiff and class members have been damaged in an amount to be proven at trial, including any available compensatory damages, incidental and consequential damages, and other damages allowed by law.

## EIGHTH CAUSE OF ACTION

### Exemplary Damages (Cal.Civ. Code § 3294)

92.     Plaintiff hereby incorporates by reference the foregoing allegations as if fully set forth herein.

**CLASS ACTION COMPLAINT**

93.     Plaintiff brings this count on behalf of the California Class.

94.     Defendants' conduct as alleged herein was knowing and malicious and caused significant harm.

95.     Defendants intentionally withheld information concerning active safety recalls for vehicles they sold or leased to consumers, took no steps to repair vehicles that were subject to safety recalls prior to selling or leasing them to consumers, and falsely advertised to consumers that the vehicles it sold or leased had passed rigorous inspections.

96.     Defendants' conduct went on for years despite Defendants' knowledge of safety recalls and the consequences of their failure to disclose or take other appropriate action for such safety recalls despite the significant risk to safety for consumers.

97.     Defendants' intentional deception and its safety-related impact warrant exemplary damages for the sake of example and to punish Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the class, prays for the following relief:

1.     For an order certifying the class as defined above;

2.     For an order temporarily and permanently enjoining Defendants from continuing their unlawful, fraudulent, and unfair business practices as alleged in this complaint

3.     For injunctive and/or equitable relief in the form of buyback of the affected vehicles;

4.     For any and all available damages available under applicable law, including compensatory, incidental, exemplary, and punitive damages;

5.     For reasonable attorney's fees and expenses;

6.     For taxable costs;

7.     For pre and post-judgment interest as allowed by law; and

**CLASS ACTION COMPLAINT**

1        8.      For any other relief the Court deems just.

2

3    ## <u>JURY DEMAND</u>

4        Plaintiff requests trial by jury of all claims that are so triable.

5

6    Dated:  April 27, 2017          LAW OFFICES OF BRIAN J. SOO-HOO

7

8                        By:   */s/ Brian J. Soo-Hoo*

9                            Brian J. Soo-Hoo, Esq.
                        Attorneys for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLASS ACTION COMPLAINT**

DocuSign Envelope ID: 2FE86DC3-9FD7-4865-A2A0-1653AA06CA70

# DECLARATION OF ANTHONY GILBERT SANTOS

I, ANTHONY GILBERT SANTOS, declare as follows:

1.     I am over 18 years of age and competent to make the following declaration.   I have personal knowledge of the facts stated in this declaration and could competently testify thereto if called upon to do so.

2.     I am the named Plaintiff in this case.

3.     I submit this declaration pursuant to California Civil Code section 1780(d).   On information and belief, Defendants do business in the County of Alameda, which is within the United States District Court for the Northern District of California.

I declare under penalty of perjury pursuant to the laws of the United States and the State of California that the foregoing is true and correct.

Executed this _____ 27 day of April, 2017 in _____ Fremont, California.

DocuSigned by:

*Anthony G. Santos*

1854F42A41A8435...

_____

ANTHONY GILBERT SANTOS

**CLASS ACTION COMPLAINT**