UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY GILBERT SANTOS,<br><br>Plaintiff,<br><br>v.<br><br>CARMAX BUSINESS SERVICES, LLC, et al.,<br><br>Defendants. | Case No. 17-cv-02447-RS<br><br>**ORDER GRANTING MOTION TO DISMISS** |

# I. INTRODUCTION

Defendants Carmax Auto Superstores California, LLC, Carmax Auto Superstores West Coast, Inc., Carmax Business Services, LLC, and Carmax, Inc. (collectively "Carmax"), move to dismiss plaintiff Anthony Gilbert Santos's amended putative class action complaint. Because the claims, as reasserted in the amended complaint, do not meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), the motion to dismiss is granted.

# II. BACKGROUND[1]

In 2006, Santos purchased a 2002 Ford F-150 pickup truck from a California Carmax location. According to Santos, that vehicle was subject to an active safety recall by the National Highway Traffic Safety Administration ("NHTSA") due to a risk of catching fire, even when

---

[1] All facts recited in this section are drawn from Santos's First Amended Complaint ("FAC") and taken as true for the purposes of deciding this motion. *See infra* Part III.

parked without the engine running. Santos asserts that he was not aware of the recall at the time he acquired the truck, and that Carmax failed to inform him of the recall. He also claims that during the period leading up to the fire, nothing put him on notice of the vehicle's problems.

On April 29, 2014, Santos's F-150 caught fire while parked in his driveway with its engine off. The vehicle was completely destroyed. As a result, Santos filed this putative class action on April 28, 2017, which was dismissed on August 9, 2017. In this amended complaint, Santos advances eight claims for relief: violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*; violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*; violation of California's False Advertising Law, *id.* § 17500, *et seq.*; violation of California Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*; breach of implied warranty of merchantability, Cal. Com. Code § 2314; violation of the Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1791.1, 1792; breach of contract; and common law representation.[2]

Carmax once again moves to dismiss, arguing, among other things, that all of Santos's claims are barred by the applicable statutes of limitations.[3] In opposition, Santos concedes that his Magnuson-Moss Warranty Act and Song-Beverly Consumer Warranty Act claims are not timely. He asserts that his other claims, however, are not time-barred because he did not discover the facts giving rise to his claims until 2014.

### III. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations are not required," a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) (citing *Bell Atlantic v. Twombly*,

---

[2] Santos also attempts to advance a claim for exemplary damages. As explained in this Court's prior order, exemplary damages are not a claim, but are a form of relief available for a plaintiff prevailing on certain claims. *See* Cal. Civ. Code § 3294.

[3] In addition to moving for the dismissal of Santos's complaint, Carmax moves to strike Santos's class claims. As Carmax's motion to dismiss will be granted, the motion to strike is denied as moot.

ORDER GRANTING MOTION TO DISMISS
CASE NO. 17-cv-02447-RS
2

550 U.S. 544, 570 (2007)). A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard asks for "more than a sheer possibility that a defendant acted unlawfully." *Id.* The determination is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Id.* at 679. Federal Rule of Civil Procedure 9(b), meanwhile, requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." To satisfy this pleading standard, a plaintiff must allege the "who, what, where, when, and how" of the alleged misconduct. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (citation and internal quotation marks omitted).

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013). When evaluating such a motion, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). When a plaintiff has failed to state a claim upon which relief can be granted, leave to amend should be granted unless "the complaint could not be saved by any amendment." *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002) (citation and internal quotation marks omitted).

**IV. DISCUSSION**

The statutes of limitations applicable to Santos's remaining claims are: four years for violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17208; three years for a violation of California's False Advertising Law, *Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117, 1130 (C.D. Cal. 2010) (citing Cal. Civ. Proc. Code § 338); three years for a violation of the California Consumer Legal Remedies Act, Cal. Civ. Code § 1783; four years for breach of implied warranty of merchantability, Cal. Com. Code § 2725(1); four years for breach of contract, Cal.

Civ. Proc. Code § 338; and three years for common law misrepresentation, *id*. These claims are all predicated on Carmax's alleged failure, in 2006, to notify Santos that his vehicle was subject to a 2005 recall for fire danger. Santos filed this complaint in 2017, well beyond the three- and four-year limitations periods applicable to his claims.

Santos asserts that his claims are not time-barred because the statutes did not begin to run until 2014, when his car was destroyed. "Under both federal and California law, the discovery rule provides that a limitations period does not commence until a plaintiff discovers, or reasonably could have discovered, his claim." *O'Conner v. Boeing North Am.*, Inc., 311 F.3d 1139, 1147 (9th Cir. 2002) (citations omitted). "Because the plaintiff must be diligent in discovering the critical facts" giving rise to his claim, "a plaintiff who did not actually know of his claim will be barred if he should have known of it in the exercise of due diligence." *Id.* (citation, internal quotation marks, and brackets omitted). "A plaintiff is held to her actual knowledge as well as knowledge that could reasonably be discovered through investigation of sources open to her." *Id.* (citation and internal quotation marks omitted) (emphasis added). The prior operative complaint was dismissed for failure to indicate why Santos could not have reasonably discovered the recall (and Carmax's alleged failure to inform) earlier through sources available to him, despite the fact that the NHTSA recall notices are available to the public. Santos was advised that he could amend his pleading to allege that he could not have learned of the recall until his car caught fire in 2014.

To invoke the discovery rule, a plaintiff must plead facts showing "(a) lack of knowledge; (b) lack of means of obtaining knowledge (in the exercise of reasonable diligence the facts could not have been discovered at an earlier date); (c) how and when he actually discovered the fraud or mistake." *Power Quality & Electrical Systems, Inc. v. BP West Coast Products LLC*, No. 16-CV-04791 YGR, 2016 WL 6524408 (N.D. Cal. Nov. 3, 2016) (citing *Gen. Bedding Corp. v. Echevarria*, 947 F.2d 1395, 1397 (9th Cir. 1991)). Santos argues that he sufficiently invoked the discovery rule by claiming that "[n]othing during Plaintiff's ownership of the vehicle put Plaintiff on notice of the hidden and undisclosed defects." FAC ¶ 21. He claims that he reasonably relied upon Carmax's representation that the car he purchased was safe and free of defects, and that it

had no unresolved safety recalls. *Id.* ¶ 16. Santos also asserts that he was unable to discover the existence of either the defects or the active safety recall through reasonable diligence because during the course of routine maintenance of the car, no maintenance providers ever notified him of safety issues or the recall. *Id.* ¶ 43. He only became aware of the issue when the vehicle manufacturer sent Santos notice of the recall after the fire incident. *Id.* ¶ 21. Given the nature of Carmax's alleged wrongdoing, Santos has made a sufficient showing at the pleading stage. The "purpose of the discovery rule is to 'protect [] those who are ignorant of their cause of action through no fault of their own.'" *El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1039 (9th Cir. 2003) (quoting *April Enter., Inc. v. KTTV and Metromedia, Inc.*, 147 Cal. App. 3d 805, 195 Cal. Rptr. 421, 437 (1983)). It applies to breach of contract cases where the breaches are "committed in secret and, moreover, where the harm flowing from those breaches will not be reasonably discoverable by plaintiffs until a future time." *Id.* Here, Santos alleges facts demonstrating that his discovery of the issues with his vehicle were hindered by Carmax's guarantee that there were no such issues. *See Hashim*, 316 F.3d at 1040 ("[T]he recipient of a fraudulent misrepresentation of fact is justified in relying upon its truth, although he might have ascertained the falsity of the representation had he undertaken an investigation."). To impose an unreasonable obligation on consumers to double-check every guarantee made by their used-car dealer would render those guarantees virtually meaningless. Accordingly, Santos has successfully invoked the discovery rule with respect to his remaining claims.

Carmax also moves to dismiss on the grounds that Santos's claims sound in fraud and are not pleaded in accordance with the heightened requirements of Federal Rule of Civil Procedure 9(b). Relying upon *Kearns v. Ford Motor Company*, 67 F.3d 1120 (9th Cir. 2009), Carmax argues that Santos fails to allege the contents of Carmax's promotions, when he was exposed to the promotions, in what form of media the promotions were presented, or why he allegedly relied on Carmax's representations when he purchased his vehicle. According to Carmax, Santos's "blanket references" to its 125+ Point Inspection are insufficient to support his claims of fraud. Santos attempts to respond by pointing to the contents of the FTC Complaint against Carmax attached as

an exhibit to the FAC. The detailed factual allegations therein are, Santos argues, incorporated by reference into the FAC. Santos is incorrect on this point, as the attachment of the FTC Complaint in no way relieves Santos of the burden of pleading facts supporting an inference of Carmax's fraudulent conduct *as it pertains to him*. Although Santos adequately identifies the misrepresentations at issue (the 125+ Point Inspection guarantee and failure to disclose the active recall) and the general format in which these representations take place, he fails to specify how he was exposed to the representations at the time he purchased his vehicle from Carmax. He may amend his complaint to, for example, allege that a Carmax salesperson represented that his vehicle had passed the inspection and was free of defects, that the 125+ Point Inspection was advertised at the dealership where Santos purchased his vehicle, or that Santos saw the guarantee advertised on Carmax's website before he purchased his vehicle. As pled, however, the FAC does not make the necessary temporal connection to satisfy the Rule 9(b) pleading standard.

## V. CONCLUSION

For the reasons set forth above, the FAC is dismissed, with leave to amend.

**IT IS SO ORDERED**.

Dated: December 22, 2017

_____
RICHARD SEEBORG
United States District Judge